**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| MALCOLM BROOKS,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA,<br><br>                    Defendant. | Case No. 2:21-cv-00401-KJD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff[1] Malcolm Brooks's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Brooks's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Brooks's filings present two questions: (1) whether Brooks may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Brooks's complaint states a plausible claim for relief.

**I.     Whether Brooks May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to

---

[1] Brooks erroneously captioned himself as the defendant and the State of Nevada as the plaintiff because he titled his complaint a "notice of removal." As discussed in this Order, nothing in Brooks's complaint indicates that this case has been removed from state court to this Court.

pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he earns $1,397.09 in wages per pay period and that he has about $106 in savings. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II.     Whether Brooks's Complaint States a Plausible Claim

### a. Legal Standard

Because the Court grants Brooks's application to proceed *in forma pauperis*, it must review Brooks's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *W. States Wholesale Nat. Gas Antitrust Litig. v. Coral Energy Res., L.P.*, 346 F. Supp. 2d 1143, 1144 (D. Nev. 2004).

### b. Plaintiff's Complaint

Brooks's complaint is captioned as a "notice of removal" to the "Brooks Court" (i.e. Brooks's last name). (ECF No. 1-1 at 4). Brooks attaches a traffic citation to his complaint (*Id.* at 3), but there is nothing in Brooks's complaint to indicate that the underlying case pertaining to his traffic citation has been (or could be) removed to this Court. Although Brooks signed the IFP application, it appears that someone else with the name Brooks (Mallak Brooks Bey) has signed the complaint as Malcolm Brooks's "authorized representative." (*Id.*) There is no indication that Brooks Bey is an attorney.

Brooks brings claims against the State of Nevada pursuant to "Articles IV-VI" of the US. Constitution, 18 USC 241 & 242, and 18 USC 2331. (*Id.* at 1). Brooks alleges that the State of Nevada attempted to take his property, trespassed on his property, and arrested him "without right." (*Id.*) Plaintiff asks the Court to award him one million dollars. (*Id.*) The citation Brooks attached to the complaint is notes that Brooks drove a vehicle without a license plate and with an inoperable headlamp. (*Id.* at 3). Brooks also attached a copy of an article that purports to summarize "Articles I-IV" of a 1789 version of the US Constitution (*Id.* at 4).

Article IV of the Constitution pertains to relations between the federal government and the states; Article V pertains to the procedures for amending the Constitution; and Article VI establishes the

Constitution. See U.S. Const. "18 U.S.C. §§ 241 and 242 [are] criminal provisions [that] provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), citing to *Agnew v. City of Compton*, 239 F.2d 226, 230 (CA9 1956), cert. denied 353 U.S. 959, 77 S. Ct. 868, 1 L. Ed. 2d 910 (1957), overruled on other grounds, *Cohen v. Norris*, 300 F.2d 24, 29-30 (CA9 1962).

Under the Eleventh Amendment a state may not be sued by a citizen of any state in federal court without its consent. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); see also *Edelman v. Jordan*, 415 U.S. 651, 662-63, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974) ("[W]hile the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). Waiver of a State's Eleventh Amendment immunity will not be found unless such consent is "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984); see also NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

Federal law and Ninth Circuit precedent prohibits representation by non-attorneys. See 28 U.S.C. § 1654; *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others [other] than himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)).

It is unclear from the facts that plaintiff states in his complaint (receiving a traffic citation) how the State of Nevada (the only named defendant) has violated Articles IV-VI of the US Constitution. It is also well established that plaintiff may not (1) sue the State of Nevada because Nevada has not waived its sovereign immunity; and (2) bring civil claims pursuant to 18 U.S.C. §§ 241 and 242. The Court must dismiss plaintiff's complaint because he has failed to state a claim. The Court dismisses his complaint without prejudice and will give him thirty days to amend. If plaintiff Brooks files an amended complaint

in this Court, he must use the proper captions: the amended complaint must state that he is bringing an Amended Complaint in United States District Court, District of Nevada on behalf of himself as the plaintiff (i.e. this is not the Brooks Court and this is not a removal action). Brooks also cannot be represented by a non-attorney: Brooks must sign his own amended complaint as a pro se litigant (unless Mallak Brooks Bey a licensed attorney).

ACCORDINGLY,

IT IS ORDERED that Brooks's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Brooks's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Brooks has until Monday, May 10, 2021 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 8th day of April 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6